# The State of Alabama, for the Use, etc. v. Fields.

*Bill in Equity to rescind a Contract.*

1. *Bill for rescission of contract; sufficiency of .evidence.*—A bill was filed in behalf of a school, for the purpose or rescinding a contract of sale and purchase of musical instruments, upon the ground that the price paid by the board of control of said school for such instruments was grossly in excess of their real value, and that the person selling said instruments was, at the time, a member of the board of control, acting in a fiduciary relation and was guilty of a breach of trust. .The material averments of the bill were denied in the answer. The evidence wholly failed to show any fraud, concealment or misrepresentations made by the seller of the instruments, but, on the contrary, showed the utmost good faith and fair dealing. There was conflict in the evidence as to whether the price paid by the board for the instruments was in excess of their real value. The evidence showed that if there was an offer to rescind, it was after the continued use of the instruments, which had been

[The State of Alabama, for the Use, etc. v. Fields.]

greatly abused and deteriorated in value, making it impossible to put the parties in *statu quo*.　Held:　That the fact that the seller of the instruments was a member of the board of control, did not prohibit him from making the sale or the board from purchasing such instruments from him, and that under the facts shown by the evidence the complainant was not entitled to the relief prayed.

APPEAL from the City Court of Birmingham in Equity.

Heard before the Hon. CHAS. A. SENN.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The appeal is prosecuted from a decree rendered in favor of the defendant, and the rendition of this decree is assigned as error.

W. K. TERRY, for appellant, cited *Dill v. Camp*, 22 Ala. 259, 260; *Rice v. Gilbreath*, 119 Ala. 424; *Dorsenheimer v. Rorback*, 24 N. J. Eq. 33; 5 Ency. Pl. & Pr., 1053; *Wright v. Nicholson*, 134 U. S. 136.

SAMUEL WILL JOHN, contra, cited *Jones v. Anderson*, 82 Ala. 302; *Young v. Arntz*, 85 Ala. 121; *Barnett v. Stanton*, 2 Ala. 189; *Dent v. Long*, 90 Ala. 176; 2 Story's Equity, § 693.

DOWDELL, J.—The bill in this case was filed in the name of the State for the use of the Branch Agricultural School and Experiment Station located at Blountsville, Ala.　The purpose of the bill is the rescission of a contract of sale and purchase of two pianos and an organ made by the Board of Control of said school with the respondent, A. E. Fields.　The theory of the bill is that the price paid by the Board of Control to said Fields for said musical instruments was grossly in excess of the real value of said instruments, and that Fields, being at the time a member of the Board of Control and acting in a fiduciary relation, was in said sale guilty of a breach of his trust, and that for these reasons the contract should be rescinded. Among other things the bill also avers an offer to

rescind before suit was commenced. The material averments of the bill, relied upon as giving it equity, are
denied in the answer of said respondent. The cause
was regularly submitted upon the pleadings and evidence, and the chancellor, as a result of his finding on
the facts, rendered a decree against the complainant.

It is not questioned but that under the act creating said school the Board of Control had the right and
authority to contract for the purchase of the property. Pretermitting the question as to the sufficiency
of the offer on the part of the complainant to rescind
the contract, we are clearly of the opinion, after discarding and rejecting all incompetent and illegal testimony, and regarding only that which is legal and competent, the evidence fully warranted the decree rendered. The fact that the respondent Fields was a mmber of the board that made the purchase did not prohibit him from making the sale or the board from purchasing said instruments from him, provided the respondent was not guilty of any fraud, misrepresentation or concealment, and the contract was otherwise
fair and reasonable. As to Field's conduct, the evidence wholly fails to show any fraud, concealment or
misrepresentations made by him in said sale and purchase; on the contrary, the evidence showed the utmost
of good conduct and fair dealing. The evidence
showed, without dispute, that when the subject of the
purchase of the instruments was first mentioned before the board ,the respondent Fields, as a member of
the board, opposed the board's making any purchase of
the pianos and organ, and at his instance the matter
was deferred to a future meeting of the board. The
contract of purchase by the board was finally decided
upon by a majority of its members, after a full investigation as to the condition and value of the instruments, the said Fields not participating with the other
members of the board further than after a majority of
the board had decided to purchase to state the price
of the instruments. While there is evidence on the
part of the plaintiff tending to show that the price paid
by the board was much in excess of the real value of the
instruments, there was also testimony on the part of

the defendant going to show that the price paid was fair and reasonable and not in excess of the real value. Again, the purchase was made in August, 1896, and these instruments were thereafter used in said school until the following February or March, before it was ever pretended that there was any offer to rescind the contract, and the evidence further shows that if there was ever any offer to rescind that there was a continued use subsequently of these instruments in said school for more than a year, and this with the knowledge of the chairman of said board and without objection on his part. And the evidence further shows without dispute that by such use the instruments have been greatly abused and deteriorated in value, making it thereby impossible, by rescission of the contract and return of the instruments to put the parties *in statu quo*, and this without fault on the part of the respondent. This in itself would justify the refusal of the relief sought by the bill. Upon the whole evidence, we have no doubt of the correctness of the decree.

As to the assignments of error relating to the refusal of the chancellor to pass upon exceptions to evidence, it is sufficient to say that if there was error in this it was without injury, for, as above stated, after discarding and rejecting all incompetent and illegal testimony, subject to exception, there still remains of legal and competent evidence sufficient to justify the decree rendered.

The decree of the chancellor is affirmed.